Freeburg Law, LLC
Alex F. Freeburg, Bar No. 7-5182
PO Box 3442
Jackson, WY 83001

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2020 APR 23 AM 10: 28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CAMERON KRITNER<br><br>Plaintiff,<br><br>vs.<br><br>JACOBS ENTERPRISE, LLC<br><br>Defendant. | Case No. 20-CV-69-NDF |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Cameron Kritner (Mr. Kritner), by and through undersigned counsel, and for this *Complaint* against Jacobs Enterprise, LLC (Jacobs) states and alleges as follows:

### INTRODUCTION

1. On January 31, 2018, Walter Peters (Mr. Peters) was driving a semitruck loaded with steel pipe for his employer, Defendant Jacobs, on Interstate 80. Plaintiff, Cameron Kritner, was lawfully stopped in his SUV at a red light on an exit ramp to I-80. Mr. Peters took the same exit ramp, but did not slow down for the cars stopped in front of him. Instead, he plowed his semitruck into the rear-end of Mr. Kritner's SUV. Mr. Kritner hit his head violently against the steering wheel, losing consciousness for two minutes. Since the crash, Mr. Kritner has experienced chronic and severe pain in his neck and back. He suffered permanent injury at his L5-S1 and C6-C7 vertebrae and experienced a substantial amount of pain over the past year.

## PARTIES, JURISDICTION, VENUE

2. The events giving rise to this *Complaint* occurred in Albany County, Wyoming on January 31, 2018.

3. At all times relevant hereto, Plaintiff Cameron Kritner was and is a resident of Cullman County, Alabama.

4. On information and belief, Walter Peters is a resident of Rush County, Indiana.

5. Mr. Peters was an employee of Defendant Jacobs at the time of the wreck.

6. Defendant Jacobs is a foreign limited liability company organized under the laws of the State of Indiana.

7. Defendant Jacobs has its principal office at 260 E. 200 N., Rushville, Rush County, IN 46173. Its registered agent for service of process is James Matthew Jacobs, 260 E. 200 N., Rushville, Rush County, IN 46173.

8. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and Plaintiff and Defendant are citizens of different states.

9. This Court has personal jurisdiction over Defendant because this action arises out of Defendant's negligent acts and/or omissions within Wyoming and affecting Plaintiff. Defendant has sufficient minimum contacts with Wyoming since its commercial vehicle involved in the wreck used Wyoming's roads to conduct commerce in Wyoming. This Court's jurisdiction over Defendant is consistent with traditional notions of fair play and substantial justice and the due process clauses of the federal and state constitutions.

10. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred Wyoming, so venue is proper under 28 U.S. Code § 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

12. On the morning of January 30, 2019, Mr. Kritner was lawfully stopped for the red light on the westbound off-ramp at Exit 310 of I-80.

13. Mr. Kritner was waiting for the red light behind approximately five other vehicles.

14. While Mr. Kritner was stopped for the red light, Mr. Peters drove an eighteen-wheel semitruck into the rear of Mr. Kritner's SUV, causing a car wreck.

15. At the time of the wreck, Mr. Peters was an employee of Defendant Jacobs.

16. The wreck caused Mr. Kritner to hit his head violently against the steering wheel of his vehicle.

17. Mr. Kritner lost consciousness for two minutes after the wreck.

18. Mr. Kritner suffered injuries as a result of the wreck.

19. Wyoming Highway Patrol Trooper Rick Colling responded to the scene of the wreck to investigate. He spoke with Mr. Kritner and Mr. Peters and then cited Mr. Peters for following to close.

## FIRST CLAIM: DRIVER'S NEGLIGENCE AND RESPONDEAT SUPERIOR

20. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

21. Mr. Peters owed Mr. Kritner a duty of ordinary care to operate his semitruck in a safe manner consistent with Wyoming law, the Federal Motor Carrier Safety Administration regulations, the rules of the road and in compliance with traffic control devices.

22. Mr. Peters breached his duty of ordinary care to operate his vehicle in a safe manner consistent with Wyoming law, the FMCSA regulations, the rules of the road and in compliance with traffic control devices. Mr. Peters' breach of his duty of care includes:

    a. Following too closely;

    b. Failure to exercise ordinary care under the circumstances;

    c. Failure to keep his vehicle under control;

    d. Violation of duties imposed by statute, regulation, or ordinance; and,

    e. Other negligence.

23. Mr. Peters' negligence was the cause in fact and proximate cause of Mr. Kritner's damages.

24. At the time that Mr. Peters breached his duty of care to operate his vehicle in a safe manner consistent with Wyoming law, the rules of the road and in compliance with traffic control devices, he was acting within the course and scope of his employment with Defendant Jacobs.

25. Under the doctrine of *Respondeat Superior*, Defendant Jacobs is responsible for the tortious conduct of its employees performed within the scope of their employment.

26. Under the doctrine of *Respondeat Superior,* Defendant Jacobs is responsible for Mr. Peters's negligent operation of his vehicle.

27. As a direct and proximate result Mr. Peters's negligent operation of his vehicle, Mr. Kritner suffered severe injury and harm and is entitled to general and special damages.

28. Defendant Jacobs is responsible for Mr. Kritner's general and special damages, as further set forth herein.

**SECOND CLAIM: EMPLOYER'S NEGLIGENT TRAINING, SUPERVISION AND ENTRUSTMENT**

29. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

30. Defendant Jacobs owed Mr. Kritner a duty of care under the circumstances.

31. Upon information and belief, Defendant Jacobs breached its duty of care by:

a. Entrusting Mr. Peters with the eighteen-wheel tractor trailer when it had reason to know that Mr. Peters would operate such vehicle in a manner involving unreasonable risk of harm to himself and others.

b. Failing to adequately qualify Mr. Peters to operate the eighteen-wheel tractor trailer;

c. Failing to adequately train Mr. Peters to operate the eighteen-wheel tractor trailer;

d. Failing to adequately supervise Mr. Peters when he was operating the eighteen-wheel tractor trailer;

e. Failing to adequately qualify, train and supervise Mr. Peters to keep a proper lookout;

f. Failing to adequately qualify, train and supervise Mr. Peters to drive undistracted;

g. Failing to adequately qualify, train and supervise Mr. Peters to keep the eighteen-wheel tractor trailer under proper control at all times;

h. Failing to adequately train and supervise Mr. Peters to take proper action to avoid other vehicles lawfully using the highway;

i. Failing to adequately qualify, train and supervise Mr. Peters to have regard for the safety of people on or near a public highway; and

j. Failing otherwise to provide for safe operation of the eighteen-wheel tractor trailer and endangering thereby everyone on or near a highway.

32. As a direct a proximate result of Defendant Jacobs's negligence, Mr. Peters violently and needlessly crashed his semitruck into the rear of Mr. Kritner's vehicle.

33. As a direct and proximate result Defendant Jacobs's breach of its duty of ordinary care, Mr. Kritner suffered severe injury and harm and is entitled to general and special damages, as further set forth herein.

## DAMAGES

34. Plaintiff incorporates by reference all paragraphs in this *Complaint* as if fully set forth herein.

35. As a direct and proximate result of Defendant's negligent acts and omissions, Mr. Kritner suffered serious injuries and damages, including but not limited to:

    a. Past, present and future medical expenses, in an amount to be proven at trial;

    b. Past, present and future loss of income and earning capacity in an amount to be proven at trial;

    c. Other economic loss;

    d. Past, present and future physical, mental, and emotional pain and suffering damages, in an amount to be proven at trial;

    e. Past, present and future loss of enjoyment of life in an amount to be proven at trial;

    f. Past, present and future disfigurement and disability in an amount to be proven at trial;

    g. Past, present and future caretaking expenses in an amount to be proven at trial;

    h. Past, present and future pecuniary losses in an amount to be proven at trial;

    i. Punitive damages in a reasonable amount to be proven at trial sufficient to adequately punish Defendant, and to serve as a deterrent and warning against future conduct of the type alleged in this *Complaint*;

    j. All allowable costs, expenses, and fees associated with this litigation; and

    k. All other damages allowed under the laws of the State of Wyoming.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court grant judgment as follows:

a. Judgment against Defendant for economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

b. Judgment against Defendant for non-economic damages in an amount consistent with the allegations contained herein and to be proven at trial;

c. Judgment against Defendant for punitive damages in an amount consistent with the allegations contained herein and to be proven at trial; and,

d. Judgment for costs, expenses, fees, interest, and other such further relief as the Court deems just and equitable.

Dated 4/21/2020.

_____
Alex. F. Freeburg, Bar No. 7-5182
Freeburg Law, LLC
Box 3442
Jackson, WY 83001

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal Rule of Civil Procedure 38.

Dated 4/21/2020.

_____
Alex. F. Freeburg, Bar No. 7-5182
Freeburg Law, LLC
Box 3442
Jackson, WY 83001